# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JOSE RUBIO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-08-1578 |
| § | |
| MICHAEL CHERTOFF, Secretary of the § | |
| Department of Homeland Security, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

Plaintiff, Jose Rubio, filed this suit against the Secretary of the Department of Homeland Security and the Director and the Houston District Director of the U.S. Citizenship and Immigration Services (USCIS). Rubio asks the court to "compel action on the clearly delayed proceeding of an I-485 Application" to Register Permanent Resident or Adjust Status. Rubio filed the Application in March 2006. Rubio asserted that under the Administrative Procedures Act, 5 U.S.C. § 701, the court should issue an order "requiring defendants to "properly adjudicate Plaintiff's application" and "requiring Defendants to provide the Plaintiff with a Notice of Approval."

Rubio's Application sought adjustment of his status based on an I-130 Petition filed by his wife, Norma Virrueta, approved by the Department of Homeland Security on March 1, 2006. The I-130 Petition asked that Rubio be classified as Virrueta's spouse under the Immigration and Naturalization Act. As evidence of her citizenship, Virrueta attached a birth

certificate stating that she was born in the United States. The Department of Homeland Security approved the I-130 Petition filed by Norma Virrueta in March 2006 based on evidence that she was born in the United States. In August 2008, the Department of State revoked Virrueta's passport based on evidence that she was instead born in the Republic of Mexico. The letter advising of the passport revocation contained a notice that Virrueta was entitled to a hearing within 60 days. On August 7, 2008, the Houston Office of the USCIS issued Virrueta a Notice of Intent to Revoke Visa Petition Approval. That Notice advised Virrueta of her right to submit evidence showing why the approval of the Petition should not be revoked.

Rubio based his I-498 Application on the I-130 Petition approval. The government moves to dismiss Rubio's complaint as moot, arguing that his eligibility for adjustment of status is derivative of Virrueta's right as a citizen to file an I-130 Petition. The government argues that this right will not be established "unless and until Virrueta successfully exhausts her administrative remedies." (Docket Entry No. 5, p. 2).

In response, Rubio agreed that his wife had not exhausted her administrative remedies but argues that she is in the process of doing so. She has provided the USCIS with evidence that she contends establishes that she was born in the United States and is a citizen. She is seeking to reinstate her passport by requesting a hearing. If the administrative action results in revocation of her visa petition approval, she will seek to join this action as a plaintiff and assert the right to a judgment declaring her to be a United States national under 8 U.S.C. § 1503. (Docket Entry No. 7).

In reply, the government raises a challenge to subject-matter jurisdiction. The government points out that section 1503 allows a person who "claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency" to institute an action "for a judgment declaring him to be a national of the United States." 8 U.S.C. § 1503(a). Rubio is not claiming a right or privilege as a national.

Rubio's claim is derivative of his wife's I-130 Petition. The approval of that Petition has been revoked. Administrative remedies challenging the revocation of the approval and of her passport are being pursued but are not complete. To the extent Rubio's wife may have a claim under section 1503, a federal court will lack jurisdiction over that claim until administrative remedies are exhausted. A prerequisite to prosecuting such a declaratory judgment action is a "final administrative denial" of the claimed right or privilege. *United States v. Breyer*, 41 F.3d 884, 891-92 (3rd Cir. 1994); *Nelson v. United States*, 107 Fed. Appx. 469, 471 (6th Cir. 2004). The exhaustion requirement is jurisdictional. *Breyer*, 41 F.3d at 891-92.

To the extent Rubio asks this court to order that the defendants act on the Application rather than continue to delay, that request is moot. To the extent Rubio asks this court to compel the defendants to approve the Application, the fact that administrative remedies have not been exhausted precludes a court from awarding the relief he seeks.

This action is dismissed, without prejudice.

SIGNED on September 25, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge